## PARKER *v.* STATE.

### Opinion delivered March 15, 1926.

CRIMINAL LAW—FORMER TESTIMONY OF ABSENT WITNESS.—The former testimony of an absent witness is inadmissible in a criminal case upon a mere statement of the prosecuting attorney that he was informed that the witness was sick and unable to be present, and a statement of defendant's attorney that he was satisfied that the witness was sick; the nature of the illness should be shown and its probable duration.

Appeal from Crawford Circuit Court; *James Cochran,* Judge; reversed.

*E. D. Chastain,* for appellant.

*H. W. Applegate,* Attorney General, and *Darden Moose,* Assistant, for appellee.

SMITH, J. Appellants were tried and convicted in the court of a justice of the peace for unlawfully transporting intoxicating liquors, and appealed. At the trial, on the appeal in the circuit court, the State was permitted to prove what the testimony of one Jim Baldridge had been in the trial before the justice of the peace. Upon objection being made to the admission of this testimony, the following colloquy occurred between the prosecuting attorney and counsel for the defendants: Prosecuting

attorney: ''If the court please, counsel for defendants stated to me last evening, after we had adjourned court, that Jim Baldridge was not here, that it was his information that Baldridge was at home sick and unable to be here. He was subpoenaed in this case, and he lives in this county about twenty miles east of here.'' Counsel for defendants: ''I am satisfied that he is sick, and he was subpoenaed by both parties.''

The testimony of the absent witness was held competent, and defendants duly excepted. No other testimony was offered showing the character of the illness of the absent witness, or its probable duration.

The testimony of this witness was highly material, and its necessary effect was to show the guilt of the accused, and without this testimony it is doubtful whether the other testimony is legally sufficient to support the verdict of guilty which was returned by the jury.

It is our opinion that a proper foundation was not established for the admission of this testimony.

At § 143 of the chapter on evidence, 10 R. C. L., page 966, it is said: ''The mere fact that testimony has been given in the course of a former proceeding between the parties to a case on trial is no ground for admitting it in evidence. The witness must be produced under such circumstances just as much as one testifying *de novo*. If for any reason, however, it is impossible to produce the witness and have him testify in the subsequent proceeding, the rule may be otherwise. The textbooks quite generally state broadly that the evidence of a witness given at a former trial or examination between the same parties, may be introduced if the witness has since died, become insane or sick, and hence unable to testify, is out of the jurisdiction, or has been kept away from the trial by the opposite party. * * * The question whether a witness is 'inaccessible,' within the meaning of a statute permitting the introduction of former testimony given by a witness who is inaccessible, is, under all the circumstances of the case, a question for determination by the

trial court in the exercise of a sound discretion. Temporary illness of the witness, sufficient to prevent him from appearing in court, is, as a rule, insufficient ground for the admission of such testimony."

In 2 Jones on Evidence, 792, it is said: "In harmony with the views expressed in the preceding section, such testimony (that of absent witnesses) has been admitted when the witness was unable to testify by reason of sickness, mental incapacity, or advanced age. The courts were slow and cautious in relaxing the rule in cases of sickness. * * * The condition of the witness, the nature of the ailment, its past and probable future duration, and what efforts could have been made to take a deposition, must be clearly established. A certificate from the attendant physician is not enough. The court has to make a finding of the fact which is conclusive and is entitled to have all the circumstances placed before it. * * * Although the sickness of a witness is generally only ground for the postponement of the trial, the sickness may be of such a character as to amount to a permanent disability to testify; and in such case it would be within the reason of the rule to admit the testimony given on the former trial, and this has been recognized as an exception to English statutes."

In the case of *Smith* v. *Moore*, 62 S. E. 892, the Supreme Court of North Carolina quoted with approval the following statement of the law from the case of *Wabash R. Co.* v. *Miller*, 158 Ind., 174, 61 N. E. 1005: "The admissibility of such evidence constitutes an exception to the general rule of exclusion of hearsay evidence, and rests upon a kind of legal necessity springing from an apparent impossibility or impracticability of procuring the testimony of the person from whom the information emanates. It is therefore incumbent upon the party offering such testimony to show affirmatively the existence of all facts necessary to the bringing of the secondary evidence clearly within the exception, and, unless this is done, the evidence should be excluded."

All the courts which have held that such testimony may be admitted at all, recognize the admission of the testimony as a violation of the rule against hearsay evidence, an exception made necessary to prevent the loss of material testimony, but, to render such testimony competent, a *prima facie* showing, at least, must be made that otherwise the testimony cannot be procured in the orderly administration of justice; in other words, that, if it is not impossible to otherwise secure the testimony, it is impracticable or improbable that it can be obtained, due regard being had to the proper dispatch of the business of the courts.

Here, however, there was no showing as to the nature of the illness of the absent witness, nor any showing as to its duration or probable continuance. The attendance of the witness might, so far as there was any showing to the contrary, have been had the next day, or at a later day during the term. Under these circumstances we think an insufficient showing of necessity was made, and the testimony of the absent witness should not therefore have been admitted, and for the error in admitting it the judgment must be reversed, and the cause will be remanded for a new trial.